UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAWN ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:15-CV-256-TAV-CCS |
| | ) |
| UNITED OF OMAHA LIFE INSURANCE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 22]. In the R&R, Judge Shirley recommends that plaintiff's Motion for Judgment on the Record [Doc. 16] be granted in part, and that defendant's Motion for Judgment on the Administrative Record [Doc. 14] be denied. Defendant filed an objection to the R&R [Doc. 23], and plaintiff responded [Doc. 24].

## I. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the

magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis[1]

This case arises from defendant's decision to deny plaintiff long-term disability benefits. In the R&R, Judge Shirley found that defendant's decision to deny benefits does not withstand the arbitrary and capricious standard of review and recommended that the case be remanded for further consideration. Defendant raises four objections to the R&R. Specifically, defendant objects to: (1) the application of the arbitrary and capricious standard of review; (2) the finding that it is unclear which medical provider opinion defendant credited; (3) the determination that plaintiff's failure to apply for Social Security benefits is not relevant; and (4) the recommendation that plaintiff be given sixty days to supplement the Administrative Record with additional information on remand. Furthermore, in the event that the Court accepts Judge Shirley's recommendations, defendant seeks guidance on the remand process. The Court will address each of these objections in turn.

---

[1] The Court presumes familiarity with the R&R entered in this case [Doc. 22].

### A. Application of the Arbitrary and Capricious Standard of Review

In its first objection, defendant argues that Judge Shirley failed to appropriately apply the arbitrary and capricious standard of review. Specifically, defendant argues that Judge Shirley failed to give defendant's decision to deny benefits the extreme deference required by Sixth Circuit precedent, and it also argues that certain cases that Judge Shirley relied upon are distinguishable from this case. The Court will address each of these arguments in turn.

#### 1. Deference to Defendant's Decision

In the R&R, Judge Shirley recommended that this case be remanded because he could not determine based on the record whether defendant's decision to deny benefits "was the result of a deliberate, principled, reasoning process" [Doc. 22 p. 21]. In particular, Judge Shirley found that it was unclear from the record to what extent defendant credited and relied on the opinions of two nurse practitioners, each of whom opined that plaintiff had, for medical reasons, certain workplace limitations.

Defendant makes several arguments in support of its contention that Judge Shirley did not afford defendant's denial decision the proper amount of deference. First, defendant argues that Judge Shirley did not correctly apply the arbitrary and capricious standard of review because he did not cite and follow *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059 (6th Cir. 2014), a recent Sixth Circuit decision that discusses and applies the arbitrary and capricious standard of review.

3

In *McClain*, the Sixth Circuit noted that courts often describe the arbitrary and capricious review as deferential but not "toothless," and not being a mere "rubber stamp" on the plan administrator's decision. *See id.* The *McClain* court cautioned against the "invocation of teeth and rubber stamps" and emphasized that the standard of review is "extremely deferential." *See id.* The Sixth Circuit further noted that "a decision reviewed according to the arbitrary and capricious standard must be upheld if it results from a deliberate principled reasoning process and is supported by substantial evidence." *Id.* at 1064–65.

The Court has considered this argument in light of the R&R, and finds that it is not well taken. While it is true that the R&R does not cite to *McClain*, Judge Shirley cited and discussed a number of cases that emphasize the deferential nature of arbitrary and capricious review [*See* Doc. 22 p. 18 (citing *Goetz v. Greater Ga. Life Ins. Co.*, 649 F. Supp. 2d 802, 811 (E.D. Tenn. 2009) ("[T]he administrator's benefit determination is reviewed under the highly deferential arbitrary and capricious standard of review."))]. Furthermore, although Judge Shirley did state that arbitrary and capricious review is not "toothless," he cited the Sixth Circuit decision *Glenn v. Metlife*, 461 F.3d 660 (6th Cir. 2006), for the proposition that an administrator's decision will be upheld "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Id.* at 666. This language mirrors the language used by the Sixth Circuit in *McClain* to describe the arbitrary and capricious standard. *See* 740 F.3d at 1065. Therefore, while Judge Shirley may not have directly cited to *McClain*, he cited other

4

Sixth Circuit caselaw that makes the same point—that arbitrary and capricious review is highly deferential and that an administrator's decision will be upheld "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *See id.*; *Glenn*, 461 F.3d at 666.

Defendant next contends that Judge Shirley did not afford defendant's decision the proper deference because he focused on "how and the way" that defendant articulated its denial of benefits decision, as opposed to the ultimate denial decision itself [Doc. 23 p. 4]. In support of this argument, defendant details the review process that plaintiff's request for benefits underwent, and notes that under Sixth Circuit precedent "the ultimate issue in an ERISA denial of benefits case is not whether discrete acts by the plan administrator are arbitrary and capricious but whether its ultimate decision denying benefits was arbitrary and capricious." *McClain*, 740 F.3d at 1066 (quoting *Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 362 (6th Cir. 2002)). Defendant thus appears to argue that Judge Shirley was incorrect to base his decision on the fact that defendant did not clearly articulate in its denials which medical opinions it credited and to what extent, because these were discrete acts in the decision-making process.

As an initial point, the Court notes that when a plan administrator does not articulate which medical opinions were credited and the extent to which they were credited, courts have found that the administrator's decision is arbitrary and capricious. For instance, in *Bailey v. United of Omaha Life Insurance Co.*, the District Court for the Western District of Tennessee found a plan administrator's decision-making process

5

arbitrary and capricious where the administrator "spent a majority of [the denial letters] explaining the plan terms and the medical evidence it reviewed," and then simply stated "that based on the above medical analysis, restrictions and limitations do not appear to be supported." *See Bailey v. United of Omaha Life Ins Co.*, 938 F. Supp. 2d 736, 748–49 (W.D. Tenn. 2013).

In this case, although defendant's denial letters included a review of some of the relevant medical information, and analyzed the job responsibilities required for plaintiff's occupation, they did not specifically address to what extent defendant considered and credited the opinions of the nurse practitioners. These opinions each asserted that plaintiff had some occupational limitations, as one nurse practitioner "specifically limited sitting, standing and walking, and the other nurse practitioner stated that the plaintiff needed routine position changes" [Doc. 22 p. 22]. The Court agrees with Judge Shirley that defendant's failure to articulate whether and to what extent these opinions were credited, and to what extent the opined limitations impact the determination of whether plaintiff is disabled under the plan, is indicative of defendant's decision failing to result from a "deliberate, principled reasoning process." *See McClain*, 740 F.3d at 106; *Bailey*, 938 F. Supp. 2d at 749. As such, defendant's argument that Judge Shirley was incorrect to base his decision on the fact that defendant did not clearly articulate in its denials which medical opinions it credited and to what extent is not well taken.

In sum, the Court finds that Judge Shirley applied the appropriate standard of deference in considering defendant's decision to deny benefits, and as such, will overrule defendant's objection in this regard.

## 2. Whether the Cases Relied Upon Are Distinguishable

Defendant next argues that Judge Shirley failed to apply the correct arbitrary and capricious standard because two of the cases that Judge Shirley cited in the R&R, *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383 (6th Cir. 2009), and *Elliot v. Metro Life Insurance Co.*, 473 F.3d 613 (6th Cir. 2006), are distinguishable from this case. Defendant appears to argue that these cases do not support the conclusion that defendant's denial decision was arbitrary and capricious.

The Court notes that while Judge Shirley did cite these cases, he did so for the proposition that "if there is a problem with the plan administrator's decision making process, but it is not clear that the plan participant is entitled to benefits, the appropriate remedy is remand" [Doc. 22 p. 25]. Thus, Judge Shirley does not appear to have relied on these cases when determining whether or not defendant's denial of benefits was arbitrary and capricious, but rather appears to have relied on them only in determining the proper remedy. Because defendant does not dispute that remand is the appropriate remedy in the event that the Court finds defendant's denial arbitrary and capricious, the Court need not consider whether these cases are distinguishable for other reasons.

7

In sum, the Court finds that Judge Shirley correctly applied the arbitrary and capricious standard of review, and the Court will overrule defendant's objection in this regard.[2]

### B. Whether it Is Clear from the Record Which Medical Providers Defendant Credited

In its next objection, defendant argues that Judge Shirley was incorrect in concluding that the record is unclear as to what extent defendant agreed or disagreed with the opinions and limitations contained in the medical records. In support of this argument, defendant argues that because none of the relevant medical providers opined that plaintiff was unable to work, and also because defendant discussed plaintiff's job requirements and the medical evidence in its denial letters, "it is reasonable to understand [defendant's] denial as interpreting, discussing, and analyzing the opinions and limitations in the medical records" [Doc. 23 p. 10].

As an initial point, while neither nurse practitioner stated categorically that plaintiff would be unable to work, as Judge Shirley noted in the R&R each nurse practitioner indicated that plaintiff had certain medical workplace limitations.

---

[2] The Court notes that defendant also argues that its denial should be upheld because it is supported by substantial evidence. The Court will not consider this argument because Judge Shirley based his decision on the fact that it is unclear from the record whether defendant engaged in a deliberate, principled reasoning process, not whether defendant's decision is supported by substantial evidence. *See McClain*, 740 F.3d at 1064–65 ("[A] decision reviewed according to the arbitrary and capricious standard must be upheld if it results from a deliberate principled reasoning process and is supported by substantial evidence."). Defendant also asserts that the fact that Judge Shirley did not find plaintiff disabled indicates that defendant's denial decision was not arbitrary and capricious. This argument ignores the fact that courts frequently remand cases for further review by the plan administrator where there is a problem with a plan administrator's decision making process but where the court "cannot say that [the plaintiff] is clearly entitled to benefits." *See Elliott v. Metro Life Ins. Co.*, 473 F.3d 613, 623 (6th Cir. 2006).

8

Furthermore, without a more detailed discussion of to what extent defendant considered and credited these limitations, it is unclear to the Court whether these limitations would result in plaintiff being considered disabled under the plan. While defendant would have the Court infer from defendant's denial that it "interpreted, discussed, and analyzed" the opinions and limitations, doing so would relieve defendant of the burden of applying a "deliberate, principled reasoning process." *See McClain*, 740 F.3d at 1065; *Bennett v. Kemper Nat. Servs., Inc.*, 514 F.3d 547, 556 (6th Cir. 2008) ("We finally register our serious concern that the first denial letter fails to explain the reasons for its decision."). A denial, without more, "reads like a conclusion, not a deliberate, principled reasoning process." *See Bailey*, 938 F. Supp. 2d at 748–49 (*quoting Bennett*, 514 F.3d at 556)).

Therefore, the Court finds that Judge Shirley's conclusion is not undermined by the fact that neither nurse practitioner opined that plaintiff could not work, and that the Court will not infer from defendant's denial that it interpreted, discussed, and analyzed the relevant opinions. As such, the Court will overrule defendant's objection in this regard.

### C.     Plaintiff's Decision Not to Apply for Social Security Benefits

In the R&R, Judge Shirley declined to consider the fact that plaintiff did not apply for Social Security benefits in his arbitrary and capricious analysis. In its objection, defendant argues that Judge Shirley erred in refusing to do so, noting that the Sixth Circuit has stated that "courts have recognized that a disability determination by the Social Security Administration is relevant in an action to determine the arbitrariness of a

9

decision to terminate benefits under an ERISA plan." *See Glenn*, 461 F.3d at 667. Therefore, defendant argues that plaintiff's failure to apply for social security benefits should be considered by the Court as "evidence that she did not consider herself eligible for such benefits," and thus as relevant to the arbitrary and capricious analysis [Doc. 23 p. 11].

The Court has considered this argument, and finds that it is not well taken. While a disability determination made by the SSA is relevant, defendant has not cited, and the Court is not aware of, any authority for the proposition that a failure to apply for benefits is similarly relevant. Furthermore, in the R&R, Judge Shirley declined to consider that plaintiff failed to apply for Social Security benefits in part because defendant "did not consider plaintiff's alleged failure to file for social security benefits at the administrative level" [Doc. 22 p. 25]. Defendant does not dispute the veracity of this statement in its objection, and offers no argument as to why the Court should consider the fact that plaintiff did not apply for social security benefits when defendant did not consider that fact as part of its administrative review. As such, the Court agrees with Judge Shirley that plaintiff's alleged failure to apply for social security benefits is not relevant to whether defendant's denial decision was arbitrary and capricious, and will overrule defendant's objection in this respect.

### D. Whether Plaintiff Should Have an Opportunity to Supplement the Record on Remand

In the R&R, Judge Shirley recommended that on remand plaintiff be allowed sixty days to "file her position . . . and to provide any and all supporting documents" [Doc. 22

p. 26]. In its objection, defendant contends that, in the event that the Court order remand in this case, plaintiff should not have the opportunity to supplement the administrative record.

As an initial point, the Court does not read the R&R as permitting plaintiff to supplement the existing administrative record. Rather, the Court interprets the R&R as allowing the plaintiff to make an argument to defendant on remand as to why she should be found to be disabled under the plan using those materials already in the current administrative record. To the extent that there is any dispute as to the meaning of the R&R in this regard, the Court finds that on remand plaintiff may not supplement the current administrative record, because the issue in this case is a flaw in defendant's decision-making process and not any inadequacy in the record. *See Koning v. United of Omaha Life Ins. Co.*, No. 1:13-cv-1005, 2016 WL 7971266, at *3 (W.D. Mich. May 3, 2016) (refusing plaintiff's request to reopen the administrative record on remand, where the basis for remand was that the plan administrator had "failed to adequately evaluate the evidence presented").

Furthermore, the Court notes that permitting plaintiff to supplement the administrative record is particularly unwarranted in this case because plaintiff had the opportunity, at defendant's request, to submit additional documentation in connection with her administrative appeal. As Judge Shirley noted in the R&R, plaintiff does not deny that she failed to submit additional documentation in connection with defendant's request. While plaintiff appears to contend that she did not supplement her record on

11

appeal because she had no notice that defendant was reconsidering her physical ability, Judge Shirley rejected this argument in the R&R on the grounds that defendant explicitly requested additional medical records.[3] The Court agrees with Judge Shirley that because defendant requested that plaintiff submit additional documentation, plaintiff cannot be said to have lacked notice.

As such, the Court finds that on remand plaintiff will have sixty days to submit to defendant any argument as to why she should be considered disabled under the plan, using any materials in the current administrative record. The Court also finds, however, that plaintiff will not be permitted to reopen and supplement the administrative record.

**E.     Remand**

Finally, in its objection, defendant sought an explanation from the Court as to how the remand process will work. The Sixth Circuit has indicated that "where the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which he was clearly entitled, remand to the plan administrator is the appropriate remedy." *See Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 171 (6th Cir. 2007). The parties do not dispute that remand is the appropriate remedy in this case. On remand, defendant must provide plaintiff with a "full and fair review" of her claim for long-term disability benefits, and its review must consider those issues raised by Judge

---

[3] Plaintiff also asserted in her response that defendant's denial on appeal was based on a different reason than was the initial denial. Plaintiff previously made this argument to Judge Shirley, and Judge Shirley rejected it [*See* Doc. 22 p. 24].

12

Shirley in the R&R, and by the Court in this opinion. *See Huizing v. Metro. Life Ins. Co.*, No. 1:08-cv-878, 2010 WL 1417728, at *6 (W.D. Mich. Mar. 31, 2010).

The Court will retain jurisdiction pending defendant's review, but this case will be administratively closed. Defendant shall notify the Court of any final decision on remand, and should either party desire review of that final decision, that party shall file a motion to reopen this case. *See id.* (stating that "the Court will retain jurisdiction of this case pending further administrative review," and also that "defendant shall notify the Court . . . of any final decision on remand").

## III. Conclusion

For the reasons discussed herein, the Court will **OVERRULE** defendant's objection [Doc. 23]. Accordingly, the Court will **ACCEPT IN WHOLE** the R&R, which the Court incorporates into its ruling. As such, the Court will **DENY** defendant's Motion for Judgment on the Administrative Record [Doc. 14] and **GRANT in part** plaintiff's Motion for Judgment on the Record [Doc. 16]. This case will be **REMANDED** to the plan administrator for a full and fair review of plaintiff's claim, and the Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE